Dear Mr. Arline:
As County Attorney for Bay County, Florida, you have asked for my opinion on substantially the following question:
Can a county require contractors qualified by the Florida Department of Transportation pursuant to section 337.14, Florida Statutes, to possess additional contracting licenses (such as Chapter 489 licenses) as a condition to qualifying to contract for local government entity bridge, road, street, highway, or railroad construction projects?
In sum:
Bay County may require persons seeking to bid on county bridge, road, street, highway, or railroad projects at a cost in excess of $250,000 to be qualified to perform such work. A prequalified contractor considered eligible by the Florida Department of Transportation to bid to perform the type of work described in the contract is presumptively qualified. The county is required to establish prequalification criteria and procedures for contractors who are not prequalified by the Department of Transportation and the county is not precluded from requiring additional contracting licenses for projects on which those qualifications are relevant to performance, but such a requirement may not be imposed on Florida Department of Transportation prequalified transportation contractors.
Pursuant to the Florida Constitution, non-charter counties such as Bay County have such powers of self-government as are provided by general or special law.[1] In this regard, the Legislature has granted non-charter counties broad powers to carry on county government. Section 125.01(1), Florida Statutes, provides that "[t]he legislative and governing body of a county shall have the power to carry on county government [and to] the extent not inconsistent with general or special law" to exercise the general powers enumerated therein. Section 1(f), Article VIII, Florida Constitution, provides that the governing bodies of non-charter counties may enact ordinances not inconsistent with general or special law. Thus, non-charter counties, pursuant to section 125.01(1), Florida Statutes, may exercise the general powers enumerated therein. Those powers that may be exercised by county governments, however, are ultimately derived from the state and the jurisdiction of every county may be qualified by law.[2]
Section 125.01(1), Florida Statutes, provides that a non-charter county "shall have the power to carry on county government." To the extent there is no conflict with general or special law, this grant includes the power to:
"(h) Establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public.
(i) Adopt, by reference or in full, and enforce housing and related technical codes and regulations."[3]
Thus, non-charter counties, such as Bay County, have been authorized to enact business regulations that may be necessary for the protection of the public. Regulations applying to the construction industry have been declared to be advantageous to the public health, safety and welfare by the Florida Legislature.[4]
Section 255.20, Florida Statutes, describes the process for bids and contracts for public construction works undertaken by local governmental entities, including counties. The statute authorizes a local governmental entity to adopt criteria and procedures for certain transportation contractors to bid on local construction projects:
"(a) Notwithstanding any other law, a governmental entity seeking to construct or improve bridges, roads, streets, highways, or railroads, and services incidental thereto, at a cost in excess of $250,000 may require that persons interested in performing work under contract first be certified or qualified to perform such work. A contractor may be considered ineligible to bid if the contractor is behind by 10 percent or more on completing an approved progress schedule for the governmental entity at the time of advertising the work. A prequalified contractor considered eligible by the Department of Transportation to bid to perform the type of work described under the contract is presumed to be qualified to perform the work described. The governmental entity may provide an appeal process to overcome that presumption with de novo review based on the record below to the circuit court.
(b) For contractors who are not prequalified by the Department of Transportation, the governmental entity shall publish prequalification criteria and procedures prior to advertisement or notice of solicitation. Such publications must include notice of a public hearing for comment on such criteria and procedures prior to adoption. The procedures must provide for an appeal process within the authority for making objections to the prequalification process with de novo review based on the record below to the circuit court within 30 days."[5]
Thus, a county may develop its own prequalification criteria and procedures for local bids and contracts for public construction works for bridges, roads, streets, highways, or railroads which will cost in excess of $250,000. Prequalification by the Florida Department of Transportation (DOT) under Chapter 337, Florida Statutes, will present a presumption that the bidder on any such projects is qualified to do the work, but the county may appeal that presumption.
The statute authorizes a local governmental entity to adopt its own criteria and procedures for prequalification of those contractors who are not prequalified by DOT and does not preclude a requirement for additional contracting license requirements for those contractors. In fact, section 255.20(1)(b), Florida Statutes, specifically recognizes that a governmental entity must publish prequalification criteria and procedures for contractors who are not prequalified by DOT prior to advertisement or notice of solicitation so that those contractors who have not qualified with the department may bid on county projects. An appeals procedure must also exist for objections to the local prequalification process.[6]
However, those contractors who have been successfully prequalified by DOT pursuant to section 337.14, Florida Statutes, have been granted a legislative presumption that they are qualified to perform work on county projects. While an appeals process is contemplated by the statute to overcome the presumption, any attempt to impose additional requirements for contracting licenses under Part I, Chapter 489, Florida Statutes, on these contractors would conflict with provisions of general law.[7] The Legislature, through the adoption of Part I, Chapter 489, Florida Statutes, has enacted regulations applying to the construction industry "in the interest of the public health, safety, and welfare[.]"[8] A contractor subject to Part I, Chapter 489, Florida Statutes, is a person who "for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate[.]"[9]
Part I, Chapter 489, Florida Statutes, was adopted to regulate designated trades in the construction industry: "prime contractors designated as general, building, and residential; and subcontractors providing services in the sheet metal, roofing, air conditioning, mechanical, and swimming pool trades."[10] The list of designated trades falling within the scope of the term "contractor" and subject to regulation under Part I, Chapter 489, Florida Statutes, has been expanded over the years, but all of the contractors falling within the scope of this part are involved primarily with residential or commercial building construction.[11]
Section 489.113(2), Florida Statutes, states that "[n]o person who is not certified or registered shall engage in the business of contracting in this state."[12] However, the statutes recognize a number of exemptions from this mandatory language including exemptions for authorized employees of the United States, or a municipality or county, and an exemption for an owner of property when acting as their own contractor.[13]
Section 489.103, Florida Statutes, codifies specific exemptions and states that Part I, Chapter 489, Florida Statutes, does not apply to, among others:
"Contractors in work on bridges, roads, streets, highways, or railroads, and services incidental thereto. The board, in agreement with the Department of Transportation, shall, by rule, define "services incidental thereto" for the purposes of this subsection only."
Thus, those persons performing the work described in section 489.103(1), Florida Statutes, are not required to be either certified or registered by the Florida Department of Business and Professional Regulation under Part I, Chapter 489, Florida Statutes to perform this work. They are not involved in trades that are subject to the certification or registration provisions under Part I, Chapter 489, Florida Statutes, and there is no procedure in place for these individuals to secure certification or registration for performing the designated trade as described therein.
While section 489.103(1), Florida Statutes, exempts contractors who work on bridges, roads, streets, highways, or railroads from the licensure provisions of Part I, Chapter 489, Florida Statutes, these contractors are subject to the prequalification procedures administered by DOT. As is mentioned in the discussion above, contractors who have been prequalified by DOT to perform the work described are presumed to be qualified for county transportation construction projects.
Section 337.14, Florida Statutes, requires DOT to adopt regulations for the qualification of competent and responsible bidders. If an applicant for qualification is found to possess the qualifications prescribed by law, then a certificate of qualification is issued. Such certificate shall authorize the holder to bid on all work on which bids are taken by the department for which the certificate indicates he or she is qualified. In addition, the department has promulgated administrative rules outlining the general procedural requirements for applicants to be certified by the department as qualified to bid on these contracts.[14] The application submitted to the department requests information on the applicant, the applicant's stakeholder, the applicant's affiliates, and will include the applicant firm's background, current and historical contract detail, construction experience, and expertise, financial information and requested classes of work.[15] Audited financial statements are also required to be submitted.[16] A list of equipment owned by the applicant that will be utilized in performing the requested classes of work must be included with the application with its book or salvage value, make, model, and description shown.[17] Applicants are rated based upon their organization and management; equipment; integrity; and financial resources.[18]
These provisions authorize the department to create a roster of contractors who have the experience, equipment, and financial resources to perform the classes of work for which that applicant seeks to be qualified. However, nothing in Chapter 337, Florida Statutes, relates to the registration or certification of contractors or requires that these contractors be tested. Rather, the statute appears to facilitate development of a list for use by DOT of certain construction contractors who have the necessary experience, equipment and financial resources to undertake large construction projects which the department may let for bid.
DOT is authorized to prequalify contractors desiring to bid for the performance of certain construction contracts which the department proposes to let, and this qualification establishes the presumption that a contractor bidding on county contracts is qualified to perform this work. Any attempt by a county to impose additional licensing requirements, such as those set forth in Part I, Chapter 489, Florida Statutes, on transportation contractors prequalified by DOT would appear to conflict with provisions of general law. However, nothing in Chapter 337, Florida Statutes, precludes a county from adopting licensure or examination requirements or other requirements relating to the qualifications of contractors bidding on county projects or enforcing those that the county may currently have in effect when those contractors have not been prequalified by the department.
Therefore, it is my opinion that Bay County may require persons seeking to bid on county bridge, road, street, highway, or railroad projects at a cost in excess of $250,000 to be qualified to perform such work. A prequalified contractor considered eligible by the Florida Department of Transportation to bid to perform the type of work described in the contract is presumptively qualified. The county is required to establish prequalification criteria and procedures for contractors who are not prequalified by the Department of Transportation and the county is not precluded from requiring additional contracting licenses for projects on which those qualifications are relevant to performance but such a requirement may not be imposed on transportation contractors prequalified by the Florida Department of Transportation.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 1(f), Art. VIII, Fla. Const.
[2] See Cross Key Waterways v. Askew,351 So. 2d 1062 (Fla. 1st DCA 1977), affirmed,372 So. 2d 913 (Fla. 1978).
[3] Section 125.01(1)(h) and (i), Fla. Stat.
[4] See s. 489.101, Fla. Stat.
[5] Section 255.20(1), Fla. Stat.
[6] And see s. 255.20(1)(a), Fla. Stat., providing an appeals process for overcoming the prequalification eligibility presumption when a contractor has been prequalified by DOT.
[7] See Art. VIII, s. 1(f), Fla. Const., authorizing non-charter county governments to enact county ordinances "not inconsistent with general or special law," and s. 125.01(1)(h), Fla. Stat., providing that non-charter county governments may act to the extent there is no conflict with general or special law;Speer v. Olson, 367 So. 2d 207, 211 (Fla. 1979).
[8] See s. 489.101, Fla. Stat.
[9] See s. 489.105(3), Fla. Stat., defining the term "[c]ontractor."
[10] See Senate Staff Analysis and Economic Impact Statement, CS/SB 302, (subsequently designated Ch. 79-200, Laws of Fla.), 1979 Session of the Florida Legislature.
[11] Part I, Ch. 489, Fla. Stat., now provides for regulation of such other designated trades in the construction industry as pollutant storage systems contractors and solar contractors.
[12] And see s. 489.115(1), Fla. Stat.
[13] See, e.g., s. 489.103(3) and (7), Fla. Stat., and s. 489.113(2), Fla. Stat., recognizing that a person who is not certified or registered may perform construction work under the supervision of a person who is certified or registered, provided that the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work which would require a licenses as otherwise provided.
[14] See Rule 14-22, Fla. Admin. Code.
[15] Rule 14-22.002(1)(a), Fla. Admin. Code.
[16] Id.
[17] Rule 14-22.002(3), Fla. Admin. Code.
[18] Rule 14-22.003, Fla. Admin. Code.